**507·15**
**508·15**

# IN THE COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

ORIGINAL

WILLIAM JASON PUGH

APPELLANT, PRO SE

VS.

THE STATE OF TEXAS

APPELLEE

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 10 2015

Abel Acosta, Clerk

COURT OF APPEAL'S

CAUSE NO'S: 06-14-00066CR

AND; 06-14-00067CR

TRIAL CAUSE NO'S: 22-041-2013

AND; 22-042-2013

P.D.R. NO'S: PD-507-15

AND; PD-508-15

FILED IN
COURT OF CRIMINAL APPEALS

JUL 10 2015

Abel Acosta, Clerk

PETITION FOR DISCRETIONARY

REVEIW FROM THE COURT OF APPEALS

SIXTH APPELLATE DISTRICT OF

TEXARKANA, TEXAS

CHEIF JUSTICE MORRIS PRESIDING

PETITION OF PETITIONER (APPELLANT), PRO SE

WILLIAM JASON PUGH #1929966
BETO UNIT
1391 FM 3328
TENNESSEE COLONY, TX 75880

# TABLE OF CONTENTS

|  | PAGE |
|---|---|
| TABLE OF CONTENT | i |
| INDEX OF AUTHORITIES | ii |
| STATEMENT REGARDING ORAL ARGUMENT | 1 |
| STATEMENT OF THE CASE | 2 |
| STATEMENT OF PROCEDURAL HISTORY | 3 |
| GROUND FOR REVEIW | 5 |

THE SIXTH COURT OF APPEALS, AT TEXARKANA, ERRED IN HOLDING THAT APPELLANT DID NOT PRESERVE SUFFICIENCY OF STATES TEX. CODE OF CRIM. PROC. ART 38.37 NOTICE FOR REVEIW, AND SUCH A RULING CONFLICTS WITH THE SAME COURTS RULING IN A PRIOR HOLDING.

| STATEMENT OF PERTINENT FACTS | 6 |
| ARGUMENT | 9 |
| PRAYER | 11 |
| CERTIFICATE OF SERVICE | 12 |

# INDEX OF AUTHORITIES

PAGE (S)

HARTSON V STATE 59 SW3D 780,787-88

    (TEX. APP. -TEXARKANA 2001) NO PET.    8,9

HERNANDEZ V STATE 176 SW3D 821,824

    (TEX. CRIM. APP 2005)    6

JAMES V STATE 47 SW3D 710

    (TEX. APP - TEXARKANA - 2001)    9,10

## STATUES

TEX. CODE OF CRIM. PROC. ART. 37.07 (G)    6,9,10

TEX. CODE OF CRIM. PROC. ART. 38.37 SECT 2 (a)    3

TEX. CODE OF CRIM. PROC. ART. 38.37 SECT 3    4,5,6

TEX. R. OF EVID. 404 (b)    6

TEX. R. APP. PROC. RULE 33.1 (a)(1)(A)    8

## STATEMENT REGARDING ORAL ARGUMENT

THE TEXARKANA COURT OF APPEALS ERRED IN HOLDING THAT APPELLANT DID NOT PRESERVE SUFFICIENCY OF STATES 38.37 NOTICE FOR REVEIW, AND SUCH A RULING CONFLICTS WITH THE SAME COURTS RULING IN A PRIOR HOLDING.

APPELLANT DOES NOT REQUEST ORAL ARGUMENT.

# In The Court of Criminal Appeals

## Austin, Texas

| | |
|---|---|
| William Jason Pugh<br><br>Appellant, Pro Se<br><br>vs.<br><br>The State of Texas<br><br>Appellee | Court of Appeals<br><br>Cause No's : 06-14-00066CR<br><br>And ; 06-14-00067CR<br><br>Trial Court No's : 22-041-2013<br><br>And ; 22-042-2013<br><br>P.D.R. No's : PD-507-15 And ;<br><br>PD-508-15 |

## Petition For Discretionary

## Review From The Sixth Appellate District

## Texarkana, Texas

## Statement Of The Case

On April 9th, 2014, A Wood County Jury Found William Jason Pugh, Guilty, Of Two Counts (Separate Indictments) Of Agg. Sexual Assault Of A Child. Also On April 9th, 2014, A Jury Presided Over The Punishment Phase And Pugh Was

Page 2

ASSESSED A SENTENCE OF TWO TERMS OF LIFE IMPRISONMENT, TO RUN CONCURRENT, IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE - INSTITUTIONAL DIVISION. NO FINE WAS ASSESSED PUGH FILED A TIMELY NOTICE OF APPEAL AND MOTION FOR NEW TRIAL.

## STATEMENT OF PROCEDURAL HISTORY

PUGH FILED A TIMELY DIRECT APPEAL. IN THREE POINTS OF ERROR HE ALLEGED (1) THE TRIAL COURT ERRED BY FINDING THE STATES EVIDENCE OFFERED DURUING 38.37 SECT 2 (a) HEARING WAS ENOUGH TO FIND, BEYOND A REASONABLE DOUBT, THAT THE EXTRANEOUS OFFENSE OCCURRED. (2) THE STATES NOTICE OF INTENT TO INTRODUCE EXTRANEOUS OFFENSE WAS INSUFFICIENT TO SATISFY THE REQUISITES OF THE STATUE. AND; (3) THE OMISSION OF INSTRUCTION REGARDING HOW TO APPLY THE BEYOND REASONABLE DOUBT STANDARD TO THE EXTRANEOUS OFF-ENSE AFFECTED THE JURY'S DELIBERATION CAUSING EGREGIOUS

HARMFUL ERROR AND IS REVERSIBLE ERROR WITHOUT OBJECTION BY EITHER PARTY. CHEIF JUSTICE MORRIS OF THE SIXTH COURT OF APPEALS AT TEXARKANA, TEXAS, BY SEPARATE MEMORANDUM OPINIONS, DATED APRIL 15TH 2015, AFFIRMED THE CONVICTIONS IN BOTH CAUSES. JUSTICE MORRIS HELD (1) PUGH FAILED TO PRESERVE ERROR REGARDING STATES ARTICLE 38.37 NOTICE. (2) THE TRIAL COURT WAS WITHIN IT'S DISCRETION TO ADMIT THE EXTRANEOUS OFFENSE EVIDENCE. AND; (3) THERE IS NO ERROR IN THE JURY CHARGE.

A COPY OF THESE OPINIONS ARE ATTATCHED HERE TO AS IF FULLY INCORPORATED HEREIN AT LENGTH. NO MOTION FOR REHEARING WAS FILED.

## GROUND FOR REVIEW

THE SIXTH COURT OF APPEALS AT TEXARKANA ERRED IN HOLDING THAT APPELLANT DID NOT PRESERVE SUFFICIENCY OF STATES ARTICLE 38.37 NOTICE FOR REVEIW, AND SUCH A RULING CONFLICTS WITH THE SAME COURTS RULING IN A PRIOR HOLDING.

## APPLICABLE LAW

PUGH BASES HIS COMPLAINT ON THE NOTICE PROVISION THAT REQUIRES THE STATE TO "GIVE THE DEFENDANT NOTICE OF THE STATES INTENT TO INTRODUCE" SUCH EVIDENCE IN THE STATES CASE-IN-CHEIF "NOT LATER THAN THE 30TH DAY BEFORE THE DATE OF DEFENDANTS TRIAL". TEX. CODE OF CRIM. PROC. ANN. ARTICLE 38.37 SECT. 3. A DEFENDANT WHO TIMELY REQUESTS NOTICE OF THE STATES INTENT TO INTRODUCE EXTRANEOUS OFF-ENSES DURING THE STATES CASE-IN-CHEIF IS ENTITLED TO NOTICE "IN THE SAME MANNER AS THE STATE IS REQUIRED TO

GIVE NOTICE UNDER 404 (b)." TEX. CODE OF CRIM. PROC. ANN ART. 38.37 SECT. 3; HERNANDEZ V STATE 176 SW3D 821, 824 (TEX. CRIM. APP. 2005). THE REQUISITES FOR SUCH NOTICE IS GOVERNED BY ARTICLE 37.07 (6) OF THE TEX. CODE OF CRIM. PROC. HOWEVER, "NOTICE OF THAT INTENT IS REASONABLE ONLY IF THE NOTICE INCLUDES THE DATE ON WHICH AND THE COUNTY IN WHICH ALLEGED BAD ACT OR CRIM OCCURED AND THE NAME OF THE ALLEGED VICTIM OF THE CRIME OR BAD ACT." TEX. CODE OF CRIM. PROC. ART 37.07 (6) FAILURE TO COMPLY WITH THE STATUE RENDERS THE NOTICE INSUFFICIENT.

## STATEMENT OF PERTINENT FACTS

PUGH DOES NOT HAVE ACCESS TO THE CLERK'S RECORD OR THE TRIAL TRANSCRIPT FOR THIS CAUSE. HE RELIES SOLELY ON THE BREIF FILED BY HIS APPOINTED ATTORNEY ON APPEAL AND THE COURT OF APPEALS OPINION, TO SUPPLY THESE FACTS.

ACCORDING TO HIS APPEAL BREIF FILED WITH THE COURT OF APPEALS, APPELLANT "DEMANDED" BY WRITTEN/ORAL MOTION, OR BY SELF-EXECUTING REQUEST, THAT THE STATE PROVIDE HIM WITH TIMELY NOTICE OF IT'S INTENT TO INTRODUCE EXTRANEOUS OFFENSES. THE TRIAL COURT "GRANTED" APPELLANTS REQUEST. SEE PAGE 22 OF APPELLANTS DIRECT APPEAL BREIF

ON FEBUARY 21st, 2014, WHICH IS THIRTY DAYS PRIOR TO TRIAL, THE STATE PROVIDED TIMELY NOTICE, WHICH READS AS FOLLOWS:

"COMES NOW, THE STATE OF TEXAS, BY AND THROUGH HER CRIMINAL DISTRICT ATTORNEY AND WOULD SHOW THAT THE STATE WOULD OFFER EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS COMMITTED BY THE DEFENDANT, WHICH INVOLVES THE FOLLOWING:

MARCH 2006 TO AUGUST 2007, AGG. SEXUAL ASSAULT OF A CHILD, VICTIM, ELIZABETH BURGE, WOOD COUNTY

2006-2010, AGG. SEXUAL ASSAULT OF A CHILD, CHASTA McDANIEL, VICTIM, RAINS COUNTY

6-14-13, AGG. SEXUAL ASSAULT OF A CHILD, SARAH CRAVEN, VICTIM, WOOD COUNTY

IN HIS SECOND POINT OF ERROR APPELLANT ALLEGED THAT "THE STATES NOTICE OF INTENT TO USE EXTRANEOUS OFFENSES IS ON THE FACE OF THE MOTION INSUFFICIENT TO PROVIDE THE TYPE OF NOTICE THAT THE STATUE MANDATES". DUE TO THE FACT THAT "THE STATE ONLY SPECIFIED A RANGE OF TIME FOR ALL OFFENSES, EXCEPT FOR THE PRESENT CASE. SUCH A LISTING OF ONLY A DATE RANGE DOES NOT MEET THE REQUIREMENTS OF THE STATUE TO SPECIFY "A DATE ON WHICH THE ALLEGED CRIME OR BAD ACT OCCURED".

THE COURT OF APPEALS HELD THAT APPELLANT ~~FAI~~ FAILED TO PRESERVE THE SUFFICIENCY OF THE STATES NOTICE UNDER TEX. R. APP. PROC. RULE 33.1 (a)(1)(A) AND CITED HARTSON V STATE

59 SW3D 780, 787-88 (TEX. APP. TEXARKANA 2001), IN SUPPORT THEREOF. IN IT'S FINDING THE COURT STATED "PUGH FAILED TO OBJECT TO THE CONTENTS OR THE TIMING OF THE STATES NOTICE. THEREFORE PUGH FAILED TO PRESERVE THIS ISSUE FOR REVEIW". THIS HOLDING IS CONTRARY TO AND DIRECTLY CONFLICTS WITH THE SAME COURTS RULING IN JAMES v STATE 47 SW3D 710 (TEX. APP.-TEXARKANA 2001)

## ARGUMENT

THE COURTS RELIENCE ON HARTSON (C.J. CORNELIUS)(PRESIDING) IN SUPPORT OF IT'S FINDING, IS MISPLACED. UNLIKE PUGH, HARTSON DID NOT REQUEST NOTICE, NOR DID HE OBJECT IN ANY WAY. IN FAILING TO DO SO HARTSON DID NOT TRIGGER THE REQUISITES OF ARTICLE 37.07 (G) OF THE TEX. CODE OF CRIM. PROC.. THEREFORE HARTSON DID NOT PRESERVE THE ISSUE OF THE STATES NOTICE OR LACK THEREOF FOR REVEIW.

IN JAMES, ALSO A SIXTH COURT OF APPEALS DECISION. (C.J.

PAGE 9

Cornelius presiding), the Court addressed the precise issue of which Pugh complains of. Prior to trial, James requested that the State give notice of it's intent to introduce other crimes, wrongs or acts and the trial court "granted" that request. The State gave timely notice.

In James, the Sixth Court of Appeals held that "the notice was insufficient as to the time of the prior bad acts". The Court noted that the "defendant was not required to complain about the adequacy of the states notice that it intended to offer evidence of defendants other bad acts at trial, but rather the State was required by statue to provide specific information". Under art 37.07 (G) of the Tex. Code. of Crim. Proc.. James did not complain about the adequacy of the states notice on appeal. The Court on it's own motion reversed and remanded, in part, due to the states insufficient notice.

It is Pugh's beleif that James is the correct case to

APPLY HERE, AND THAT BECAUSE HE REQUESTED NOTICE AND THE COURT "GRANTED" THAT REQUEST, THE SUFFICIENCY OF THE STATES NOTICE WAS THEREBY PRESERVED FOR REVEIW.

WHEREFORE THESE PREMISIS CONSIDERED, APPELLANT PRAYS THAT THIS HONORABLE COURT GRANT REVEIW OF HIS PETITION FOR DISCRETIONARY REVEIW TO RESOLVE THE CONFLICT BETWEEN THESE TWO SIXTH COURT OF APPEALS DECISIONS AND ENTER THE APPROPRIATE ORDERS IN CONNECTION THEREWITH

WILLIAM JASON PUGH
APPELLANT, PRO SE
T.D.C.J.-ID# 1929966
BETO UNIT
1391 FM 3328
TENNESSEE COLONY, TX
ZIP 75880

## UNSWORN DECLARATION

"I WILLIAM JASON PUGH, TDCJ-ID#1929966, BEING PRESENTLY INCARCERATED IN THE BETO UNIT OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE - INSTITUTIONAL DIVISON, COUNTY OF ANDERSON, DECLARE UNDER PENALTY OF PURJURY, THAT THE FOREGOING INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE."

EXECUTED THIS THE __6__ DAY OF __July__, 2015

WILLIAM JASON PUGH
TDCJ-ID#1929966

## CERTIFICATE OF SERVICE

"I FURTHER CERTIFY THAT A TRUE AND CORRECT COPY OF THIS PETITION WAS MAILED TO THE WOOD COUNTY DISTRICT ATTORNEY'S OFFICE AT, ONE (1) MAIN STREET, QUITMAN, TEXAS, 75783, BY U.S. FIRST CLASS MAIL, BY PLACING IN THE BETO UNIT DROP BOX DESIGNED FOR THAT PURPOSE"

EXECUTED THIS THE __6__ DAY OF __July__, 2015

WILLIAM JASON PUGH
TDCJ-ID#1929966

PAGE 12



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00066-CR

WILLIAM JASON PUGH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 22,041-2013

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Under procedures authorized by Article 38.37 of the Texas Code of Criminal Procedure, William Jason Pugh was notified that, as part of the prosecution against him for two counts of aggravated sexual assault of S.C.,[1] a child, in Wood County, the State would seek to introduce evidence that Pugh had committed four extraneous offenses of aggravated sexual assault of children, including E.B. in Wood County, C.M. in both Wood County and Rains County, and the alleged victim in this case, S.C., in a separate act in Wood County. The extraneous-offense evidence was admitted, the jury found Pugh guilty of both counts, and he was sentenced to two terms of life imprisonment to run concurrently.

Here, Pugh appeals from his conviction, in trial court case number 22,041-2013, of digital penetration of the sexual organ of S.C. when she was a child younger than fourteen years of age.[2] He argues that the State's notice of intent to introduce extraneous-offense evidence was defective, the extraneous-offense evidence fell short of the standard to allow its admission, and the jury instructions failed to instruct the jury how to apply the beyond-a-reasonable-doubt standard to the extraneous offenses.

---

[1] To protect the children's privacy, we refer to the parents by pseudonyms and the children by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014).

[2] In a companion appeal, our case number 06-14-00067-CR, Pugh appeals his conviction and sentence from trial court case number 22,042-2013 in Wood County, in which he was prosecuted for penetration of S.C.'s sexual organ with Pugh's sexual organ when S.C. was less than fourteen years of age. By separate opinion, we also decide that appeal this date.

We affirm the trial court's judgment because (1) Pugh failed to preserve error regarding the State's Article 38.37 notice, (2) the trial court was within its discretion to admit extraneous-offense evidence, and (3) there is no error in the jury charge.

*(1)    Pugh Failed to Preserve Error Regarding the State's Article 38.37 Notice*

Article 38.37 of the Texas Code of Criminal Procedure, titled "Evidence of extraneous offenses or acts," contains a Rule of Evidence applicable to certain types of sexual abuse cases, including this one. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37 (West Supp. 2014). In 2013, Sections 2 and 2–a were added to Article 38.37 to "allow evidence that a person had committed certain previous criminal offenses with any child victim to be admitted into trials for certain offenses with child victims." Act of May 28, 1995, 74th Leg., R.S., ch. 318, § 48, 1995 Tex. Gen. Laws 2734, 2748–49, *amended by* Act of May 17, 2013, 83d Leg., R.S., ch. 387, § 1, secs. 2, 2–a, 2013 Tex. Sess. Law Serv. 1168, 1169 (West) (effective Sept. 1, 2013); HOUSE COMM. ON CRIMINAL PROCEDURE REFORM. SELECT, BILL ANALYSIS, Tex. H.B. 330, 83d Leg., R.S. (2013); *see* SENATE COMM. ON CRIMINAL JUSTICE, BILL ANALYSIS, Tex. S.B. 12, 83d Leg., R.S. (2013). Section 3 of Article 38.37 requires the State to "give the defendant notice of the state's intent to introduce" such evidence in the State's case-in-chief "not later than the 30th day before the date of the defendant's trial." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 3.

Here, the State gave notice to Pugh that it would seek to introduce extraneous-offense evidence under Article 38.37. Pugh contends, however, that the State's notice failed to meet the statutory requirements of Article 38.37.

3

To preserve a complaint for appellate review, an appellant must have presented to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. Tex. R. App. P. 33.1(a)(1)(A); *Hartson v. State*, 59 S.W.3d 780, 787–88 (Tex. App.—Texarkana 2001, no pet.) (complaint of lack of notice of intent to use prior bad act, not preserved because no similar objection made at trial). Here, Pugh failed to object to the contents or timing of the State's notice.[3] Therefore, Pugh failed to preserve this issue for our review.

*(2)    The Trial Court Was Within Its Discretion to Admit Extraneous-Offense Evidence*

Pugh also argues that the trial court erred in allowing the admission of Article 38.37 extraneous-offense evidence. The relevant portions of Article 38.37 state,

(a)    Subsection (b) applies only to the trial of a defendant for:

(1)    an offense under any of the following provisions of the Penal Code:

. . . .

(E)    Sections 22.021(a)(1)(B) and (2) (Aggravated Sexual Assault of a Child);

. . . .

(b)    Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2-a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) . . . may be admitted in the trial of an alleged offense described by Subsection (a)(1) . . . for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

---

[3]During the pretrial hearing on Article 38.37 issues, Pugh objected "to any extraneous offenses coming into the State's case-in-chief under 38.37," arguing that it violated due process and the Fifth Amendment and was more prejudicial than probative.

TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2. However, before such extraneous-offense evidence may be introduced at trial, the trial court must "(1) determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt; and (2) conduct a hearing out of the presence of the jury for that purpose." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2–a.

A trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse-of-discretion standard. *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011); *see Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007). "A trial court does not abuse its discretion if the decision to admit evidence is within the 'zone of reasonable disagreement.'" *Marsh v. State*, 343 S.W.3d 475, 478 (Tex. App.—Texarkana 2011, pet. ref'd) (quoting *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g)). "If the trial court's decision on the admission of evidence is supported by the record, there is no abuse of discretion, and the trial court will not be reversed." *Id.* (citing *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002); *Montgomery*, 810 S.W.2d at 379). Where there has been no abuse of discretion, we will not substitute our own decision for that of the trial court. *Id.* (citing *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003)).

In the Article 38.37 hearing, the State sought to introduce evidence that Pugh had committed the extraneous offenses of aggravated sexual assault of a child with E.B. in Wood County, with C.M. in both Wood County and Rains County, and with the alleged victim in this

5

case, S.C., in Wood County. During the hearing, the court viewed recorded Child Advocacy Center (CAC) interviews from the three alleged victims.[4]

The victim of the charged offense, S.C., described two separate instances of Pugh sexually abusing her. The first occurred when she was in the sixth grade. She and Pugh were on the couch in the living room of Pugh's house when he took off her clothes and pulled his shorts and underwear down. He touched her vagina with his hand and stuck his finger into her vagina and then put his penis in her vagina. He told her not to tell anyone about it because he would get in trouble.

In her interview, extraneous-offense victim, C.M., said that she, her mother, and her sister lived with Pugh for several years. When she was six or seven years old, Pugh began sexually abusing her. The first time, Pugh forced her to perform oral sex on him. After that, Pugh forced her to have vaginal intercourse with him two to three times per week for about three years. Several times, Pugh told her that, if she told anyone about the abuse, he would kill her. The abuse having continued, C.M. believed she was in the fourth grade when she ran away from home. After she was apprehended, she was put on house arrest, and the abuse "got worse" because Pugh forced intercourse on her more frequently. Two or three weeks later, she made an outcry to her grandmother, and the abuse stopped. C.M.'s mother and Pugh "split up" about a year later.

Extraneous victim, E.P., twenty-one years' old at the time of trial, stated that Pugh first sexually abused her at her parent's home in Mineola when she was thirteen years old. She was in the bathroom, wearing a towel, about to take a shower when Pugh entered the bathroom, removed

[4]The State informed the trial court that it would call all three of the victims to testify at trial.

her towel, and had intercourse with her on the bathroom floor. At or near the end of her seventh-grade year, while she was babysitting at Pugh's house in Mineola, he forced her to have intercourse. A third and fourth instance of abuse occurred during the summer between her seventh- and eighth-grade years, when she and her parents were at Pugh's house getting ready for a party that would be held there later that night. Her parents would leave the house for a few minutes, and Pugh would "[do] it again." The abuse stopped when she told him that, if he did not stop, she would tell her father.

After viewing the recorded CAC interviews, the trial court found that the evidence likely to be admitted at trial, if believed, would be adequate to support a finding by the jury that Pugh had committed the extraneous offenses beyond a reasonable doubt. On appeal, Pugh argues that the extraneous-offense evidence regarding S.C. is insufficient because there was no evidence of (1) the county in which the offenses occurred, (2) Pugh's mens rea at the time the offenses were committed, or (3) the date of the offenses.[5] He does not challenge the admission of the extraneous-offense evidence regarding C.M. or E.B.

The trial court's responsibility at an Article 38.37 hearing is to determine whether "the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2–a. A person commits the offense of aggravated sexual assault of a child if he "intentionally or knowingly . . . causes the penetration of the anus or sexual organ of a child by

---

[5]In support of his arguments, Pugh exclusively cites the testimony of Karen, S.C.'s mother, and Martha Dykes, the program director of the CAC. However, Karen and Dykes testified as a part of the "outcry hearing," and their testimony was not before the trial court at the time it made its Article 38.37 ruling.

7

any means" and the child is younger than fourteen years of age. TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (a)(2)(B) (West Supp. 2014).

The county in which the offense occurred is not an element of the offense of aggravated sexual assault of a child under Section 22.021 of the Texas Penal Code. Rather, proof of the county in which an offense occurred is a jurisdictional requirement for the prosecution of an offense. Here, the State's Article 38.37 notice lists the county where each of the extraneous offenses allegedly occurred, and Pugh was not being prosecuted for the offenses at that time. Thus, for purposes of proving an extraneous offense under Article 38.37, there was no requirement that the State prove the county in which the extraneous offense occurred. *See Burke v. State*, 371 S.W.3d 252, 257 (Tex. App.—Houston [1st Dist.] 2011, pet. dism'd, untimely filed); *see also Malpica v. State*, 108 S.W.3d 374, 378 (Tex. App.—Tyler 2003, pet. ref'd) (citing *Stevenson v. State*, 963 S.W.2d 801 (Tex. App.—Fort Worth 1998, pet. ref'd)).

"Intent may . . . be inferred from circumstantial evidence such as acts, words, and the conduct of the appellant." *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004). Here, the trial court could have found that Pugh's removing his and S.C.'s clothing, as well as his penetration of S.C.'s vagina, would support a rational jury's determination that the acts were committed intentionally or knowingly.

Pugh also contends that the extraneous-offense evidence was insufficient because there was no evidence of the date when the offenses allegedly occurred, as is required by statute. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(g) (West Supp. 2014). Pugh's reliance is misplaced because Article 37.07, Section 3, entitled "Evidence of prior criminal record in all criminal cases

8

after a finding of guilty," is inapplicable because it governs the procedure for the admissibility of evidence at punishment, not guilt/innocence.[6] TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3 (West Supp. 2014).

In light of the Article 38.37 hearing, we cannot say that the trial court abused its discretion in finding that the evidence likely to be admitted at trial would be adequate to support a finding by the jury that the defendant intentionally and knowingly committed the separate offenses against S.C. beyond a reasonable doubt.[7] Accordingly, we overrule this point of error.

*(3) There Is No Error in the Jury Charge*

In its jury charge, the trial court set forth the elements of the offense of aggravated sexual assault of a child and also submitted the following to the jury:

> You are instructed that if there is any testimony before you in this case regarding the defendant having committed offenses other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed, and even then you may only consider the same in determining the intent of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment in this case, and for no other purpose.

---

[6] In any event, failure to comply with Article 37.07 does not render extraneous-offense evidence per se inadmissible. *Roethel v. State*, 80 S.W.3d 276, 282 (Tex. App.—Austin 2002, no pet.). Unlike the Rules of Evidence, "[t]he notice requirement found in section 3(g) . . . does not relate to the substantive admissibility of the evidence." *Id.* Rather, because the "purpose of the notice requirement is to enable the defendant to prepare to meet extraneous offense evidence," a deficiency in the notice is analyzed on how it affected a defendant's ability to prepare for the evidence. *Id.*; *see Andrews v. State*, 429 S.W.3d 849, 860 (Tex. App.—Texarkana 2014, pet. ref'd); *James v. State*, 47 S.W.3d 710, 713 (Tex. App.—Texarkana 2001, no pet.). Here, S.C. and the other alleged victims, during the Article 38.37 hearing, testified in detail about the abuse they suffered at Pugh's hands and were subjected to his cross-examination. Consequently, Pugh does not claim on appeal that he was surprised by their testimony at trial or that the omission of the date on which the abuse occurred impaired his ability to prepare for their testimony at trial.

[7] Pugh does not contend that the evidence actually introduced at trial was insufficient to prove the extraneous offense beyond a reasonable doubt.

9

Pugh concedes that he did not object to the trial court's charge. He argues, however, that the jury charge should have contained an application paragraph for each of the extraneous offenses for which the State offered testimony.

Our review of alleged jury charge error involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); *see Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009); *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Initially, we determine whether an error occurred, and then "determine whether sufficient harm resulted from the error to require reversal." *Abdnor*, 871 S.W.2d at 731–32; *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g), *reaff'd by Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003).

The purpose of the application paragraph is to apply the relevant law, definitions found in the abstract, and general legal principles to the particular facts of the case. *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012) (citing *Gray v. State*, 152 S.W.3d 125, 127–28 (Tex. Crim. App. 2004)). Here, the specific application portion of the charge addressed only the State's allegation that Pugh committed aggravated sexual assault of S.C. and omitted any reference to the extraneous-offense instruction. However, we find that the Article 38.37 instruction present in the jury charge was an additional application instruction because, even though general in nature, the instruction applied the requirements of Article 38.37 to "any testimony" the jury heard "regarding the defendant having committed offenses other than the offense alleged against him in the

10

indictment."[8] Further, Pugh has failed to cite any authority on point demonstrating that any further instruction or charge was required to be submitted to the jury. We find no error in the jury charge.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted: February 13, 2015
Date Decided: April 15, 2015

Do Not Publish

---

[8]We presume the jury obeyed this instruction. *See Resendiz v. State*, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003).

11



# Court of Appeals
## Sixth Appellate District of Texas

# J U D G M E N T

William Jason Pugh, Appellant

No. 06-14-00066-CR     v.

The State of Texas, Appellee

Appeal from the 402nd Judicial District Court of Wood County, Texas (Tr. Ct. No. 22,041-2013). Opinion delivered by Chief Justice Morriss, Justice Moseley and Justice Burgess participating.

As stated in the Court's opinion of this date, we find no error in the judgment of the court below. We affirm the judgment of the trial court.

We note that the appellant, William Jason Pugh, has adequately indicated his inability to pay costs of appeal. Therefore, we waive payment of costs.

RENDERED APRIL 15, 2015
BY ORDER OF THE COURT
JOSH R. MORRISS, III
CHIEF JUSTICE

ATTEST:
Debra K. Autrey, Clerk



CHIEF JUSTICE
JOSH R. MORRISS, III

JUSTICES
BAILEY C. MOSELEY
RALPH K. BURGESS

# Court of Appeals
### Sixth Appellate District
## State of Texas

CLERK
DEBRA K. AUTREY

BI-STATE JUSTICE BUILDING
100 NORTH STATE LINE AVENUE #20
TEXARKANA, TEXAS 75501
(903) 798-3046

April 15, 2015

Jim Wheeler
Wood County District Attorney
P O Box 689
Quitman, TX 75783
* DELIVERED VIA E-MAIL *

Henry Whitley
Special Assistant District Attorney
P O Box 689
Quitman, TX 75783
* DELIVERED VIA E-MAIL *

Phil N. Smith
Smith & Smith Law Firm
300 Oak Avenue
Sulphur Springs, TX 75482
* DELIVERED VIA E-MAIL *

RE: Appellate Case Number: 06-14-00066-CR
Trial Court Case Number: 22,041-2013

Style: William Jason Pugh
v.
The State of Texas

The Judgment of the Trial Court in the referenced proceeding on appeal from Wood County was this date **AFFIRMED**, in conformity with the written Opinion of this Court of even date.

A true copy of this Court's Opinion and Judgment is enclosed.

Respectfully submitted,

Debra K. Autrey, Clerk

By _____
Deputy

cc: Hon. G. Timothy Boswell (DELIVERED VIA E-MAIL)
Jenica Turner (DELIVERED VIA E-MAIL)



## In The
## Court of Appeals
## Sixth Appellate District of Texas at Texarkana

No. 06-14-00067-CR

WILLIAM JASON PUGH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 22,042-2013

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

On September 12, 2013, in Wood County, Texas, William Jason Pugh was charged, by separate indictments, with two counts of aggravated sexual assault of S.C., a child. During the trial, evidence that Pugh committed separate extraneous offenses was admitted under Article 38.37 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37 (West Supp. 2014). After a jury trial, Pugh was found guilty of both counts and sentenced to two terms of life imprisonment to run concurrently.

Pugh has filed a single brief in which he raises issues common to both of his appeals. Here, Pugh appeals from his conviction in trial court cause number 22,042-2013 for aggravated sexual assault of a child by penetration of the sexual organ of a child younger than fourteen years of age by his sexual organ and argues (1) that the State's notice of intent to introduce extraneous offenses during the guilt/innocence phase pursuant to Article 38.37 of the Texas Code of Criminal Procedure was deficient; (2) that the trial court erred by finding the State's extraneous-offense evidence was "enough to find, beyond a reasonable doubt, that the extraneous offenses occurred"; and (3) that the jury instructions failed to instruct the jury how to apply the beyond-a-reasonable-doubt standard to the extraneous offenses.

We addressed these issues in detail in our opinion of this date on Pugh's appeal in cause number 06-14-00066-CR. For the reasons stated therein, we likewise conclude that error has not been shown in this case.

2

We affirm the trial court's judgment.

Bailey C. Moseley<br>
Justice

Date Submitted:    February 13, 2015
Date Decided:    April 15, 2015

Do Not Publish

3



# Court of Appeals
## Sixth Appellate District of Texas

# J U D G M E N T

William Jason Pugh, Appellant

No. 06-14-00067-CR    v.

The State of Texas, Appellee

Appeal from the 402nd Judicial District Court of Wood County, Texas (Tr. Ct. No. 22,042-2013). Memorandum Opinion delivered by Justice Moseley, Chief Justice Morriss and Justice Burgess participating.

 

As stated in the Court's opinion of this date, we find no error in the judgment of the court below. We affirm the judgment of the trial court.

We note that the appellant, William Jason Pugh, has adequately indicated his inability to pay costs of appeal. Therefore, we waive payment of costs.

RENDERED APRIL 15, 2015
BY ORDER OF THE COURT
JOSH R. MORRISS, III
CHIEF JUSTICE

ATTEST:
Debra K. Autrey, Clerk



CHIEF JUSTICE
JOSH R. MORRISS, III

JUSTICES
BAILEY C. MOSELEY
RALPH K. BURGESS

**Court of Appeals**
*Sixth Appellate District*
*State of Texas*

CLERK
DEBRA K. AUTREY

BI-STATE JUSTICE BUILDING
100 NORTH STATE LINE AVENUE #20
TEXARKANA, TEXAS 75501
(903) 798-3046

April 15, 2015

Jim Wheeler
Wood County District Attorney
P O Box 689
Quitman, TX 75783
* DELIVERED VIA E-MAIL *

Henry Whitley
Special Assistant District Attorney
P O Box 689
Quitman, TX 75783
* DELIVERED VIA E-MAIL *

Phil N. Smith
Smith & Smith Law Firm
300 Oak Avenue
Sulphur Springs, TX 75482
* DELIVERED VIA E-MAIL *

RE:  Appellate Case Number:   06-14-00066-CR, 06-14-00067-CR
     Trial Court Case Number:  22,041-2013, 22,042-2013

Style:  William Jason Pugh
        v.
        The State of Texas

The Judgment of the Trial Court in the referenced proceeding on appeal from Wood County was this date **AFFIRMED**, in conformity with the written Opinion of this Court of even date.

A true copy of this Court's Opinion and Judgment is enclosed.

Respectfully submitted,

Debra K. Autrey, Clerk

By _____
                        Deputy

cc:  Hon. G. Timothy Boswell (DELIVERED VIA E-MAIL)
     Jenica Turner (DELIVERED VIA E-MAIL)